JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Carlos Merced

## DEFENDANTS

Gemstar Group, Inc., Gemstar Canada, Inc., ZIM Mediterranean, ZIM Integrated Shipping Services, Ltd., ▣

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John T. Dooley, Esq., Law Offices of John T. Dooley, 5434 King Ave. @ Rt. 38 E, Suite 202, Pennsauken, NJ 08109; 856.488.9010▣

Attorneys (If Known)
Edward Michael Keating, III, Matthew H. James; Dennis L. Platt▣

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   8/6/10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS MERCED                          :
Philadelphia, PA  19149                :
                                       :
                            Plaintiff  :      Civil Action No.: 10-3054 (PBT)
                                       :
             v.                        :      Jury Trial Demanded
                                       :
GEMSTAR GROUP, INC.                    :
9 Browning Court                       :
Bolton, Ontario                        :
Canada, L7E 1G8                        :
                                       :
GEMSTAR CANADA, INC.                   :
9 Browning Court, Unit 2               :
Bolton, Ontario                        :
Canada, L7E 1G8                        :
                                       :
ZIM MEDITERRANEAN                      :
9 Andrei Sakharov St. "Matam"          :
Scientific Industries Center           :
P.O.B 1723                             :
Haifa 31016 Israel                     :
                                       :
ZIM INTEGRATED SHIPPING                :
SERVICES, LTD.                         :
5801 Lake Wright Drive                 :
Norfolk, Va. 23502                     :
                                       :
ZIM-AMERICAN ISRAELI SHIPPING          :
CO., INC.                              :
5801 Lake Wright Drive                 :
Norfolk, Va. 23502                     :
                                       :
ZIM INTEGRATED SHIPPING                :
SERVICES, INC.                         :
5801 Lake Wright Drive                 :
Norfolk, Va. 23502                     :
                                       :
ZIM INTEGRATED SHIPPING                :
CO., INC.                              :
9 Andrei Sakharov St. "Matam"          :
Scientific Industries Center           :
P.O.B 1723                             :
Haifa 31016 Israel                     :

SDS GLOBAL LOGISTICS, INC.                    :
52-09 31st Place
Long Island City, NY 11101                     :

                                               :

SECURITY DELIVERY SERVICE, INC.      :
52-09 31st Place
Long Island City, NY 11101-3229                :

                                               :

MARGRAF, S.P.A.                                :
Via Privata Marmi 3
Chiampo (Vicenza) 36072                        :
Italy                                          :

                                               :

LINEA MARMO, S.P.A.                            :
Via Privata Marmi 3
Chiampo (Vicenza) 36072                        :
Italy                                          :

                                               :

MARGRAF TILES SRL                              :
Via Privata Marmi 3
Chiampo (Vicenza) 36072                        :
Italy                                          :
                    Defendants                 :

                                               :
_____

## I.  INTRODUCTION

On December 31, 2008, Plaintiff, Carlos Merced, was working on the premises located at 4310 Josephine Street, Philadelphia, PA 19124 when he was seriously injured when marble slabs packed inside a shipping container shifted and fell due to improper loading and packing by the defendants.  The marble slabs, which weighed thousands of pounds, crushed Plaintiff's leg and caused severe and permanent injuries including but not limited to a open tibial fracture, requiring surgery.  The marble slabs were sold, supplied, packed, secured, inspected, transported and delivered by the defendants, Gemstar Group, Inc., Gemstar Canada, Inc., ZIM Mediterranean, ZIM Integrated Shipping Services, Ltd., ZIM American-Israeli Shipping Co., Inc., ZIM Integrated Shipping Services, Inc., ZIM Integrated Shipping Services, Inc., SDS Global Logistics,

Inc., Security Delivery Service, Inc., Margraf, S.P.A., Linea Marmo, S.P.A., and Margraf Tiles, SRL.  Plaintiff seeks damages, including compensatory damages, and all other relief that this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Carlos Merced, is an adult individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Philadelphia, Pennsylvania.

2.    Defendant Gemstar Group, Inc. (hereinafter "Gemstar Group") is upon information and belief a citizen of and a foreign corporation existing under and by virtue of the laws of Canada with a principal place of business at 9 Browning Court, Unit 2, Bolton, Ontario, Canada, L7E 1G8.

3.    Gemstar Group is a seller and supplier of stone and marble products and imports, exports and supplies stone and marble products.

4.    Gemstar Group regularly contracts with citizens of Pennsylvania and sells and supplies its stone and marble products to customers throughout the United States and internationally.

5.    Gemstar Group regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a substantial and continuous basis.

6.    Defendant Gemstar Canada, Inc. (hereinafter "Gemstar Canada") is upon information and belief a citizen of and a foreign corporation existing under and by virtue of the laws of Canada with a principal place of business at 9 Browning Court, Unit 2, Bolton, Ontario, Canada, L7E 1G8.

7.      Gemstar Canada is a seller and supplier of stone and marble products and imports, exports and supplies stone and marble products.

8.      Gemstar Canada regularly contracts with citizens of Pennsylvania and sells its stone and marble products to customers throughout the United States and internationally.

9.      Gemstar Canada engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a substantial and continuous basis.

10.     Defendant ZIM Mediterranean (hereinafter "Z Mediterranean") is upon information and belief a citizen of and a corporation organized and existing under the laws of Israel with its principal place of business located at 9 Andrei Sakharov St. "Matam" Scientific Industries Center, P.O.B 1723, Haifa 31016 Israel.

11.     Z Mediterranean is a shipping company that provides cargo containers, transportation, consultation and shipping services.

12.     Z Mediterranean provides cargo containers, transportation, consultation and shipping services and materials throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

13.     Z Mediterranean regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a substantial and continuous basis.

14.     Defendant ZIM Integrated Shipping Services, Ltd. (hereinafter Z Integrated) is upon information and belief a citizen of and a corporation organized and existing under the laws of Israel with its principal place of business located at 5801 Lake Wright Drive, Norfolk, VA 23502.

15.     Z Integrated is a shipping company that provides cargo containers, transportation, consultation and shipping services.

16.     Z Integrated provides cargo containers, transportation, consultation and shipping services and materials throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

17.     Z Integrated regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a substantial and continuous basis.

18.     Defendant ZIM American-Israeli Shipping Co., Inc. (hereinafter Z American-Israeli) is upon information and belief a citizen of and a corporation organized and existing under the laws of Israel with its principal place of business located at 5801 Lake Wright Drive, Norfolk, VA 23502.

19.     Z American-Israeli is a shipping company that provides cargo containers, transportation, consultation and shipping services and materials throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

20.     Z American-Israeli provides cargo containers, transportation, consultation and shipping services and materials throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

21.     Z American-Israeli regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a continuous and substantial basis.

22.     Defendant ZIM Integrated Shipping Services, Inc. (hereinafter Z Shipping) is upon information and belief a citizen of and a corporation organized and existing under the laws of Israel with its principal place of business located at 5801 Lake Wright Drive, Norfolk, VA 23502.

23.     Z Shipping is a shipping company that provides cargo containers, transportation, consultation and shipping services.

24.     Z Shipping provides cargo containers, transportation, consultation and shipping services and materials throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

25.     Z Shipping regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a continuous and substantial basis.

26.     Defendant ZIM Integrated Shipping Co., Inc. (hereinafter ZIM Israel) is upon information and belief a citizen of and a corporation organized and existing under the laws of Israel with its principal place of business located at 9 Andrei Sakharov St. "Matam" Scientific Industries Center, P.O.B 1723, Haifa 31016 Israel.

27.     ZIM Israel is a shipping company that provides cargo containers, transportation, consultation and shipping services.

28.     ZIM Israel provides cargo containers, transportation, consultation and shipping services and materials throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

29.     ZIM Israel regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a continuous and systematic basis.

30.     Defendant SDS Global Logistics, Inc. (hereinafter SDS) is upon information and belief a citizen of and a corporation organized and existing under the laws of the State of New York with its principal place of business located at 52-09 31st Place, Long Island City, NY 11101.

31.     SDS is a shipping and transport company.

32.     SDS provides shipping services and materials throughout the United States and regularly contracts with citizens of the Commonwealth of Pennsylvania.

33.     SDS regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a continuous and systematic basis.

34.     Defendant Security Delivery Service, Inc. (hereinafter Security Delivery) is upon information and belief a citizen of and a corporation organized and existing under the laws of the State of New York with its principal place of business located at 52-09 31st Place, Long Island City, NY 11101.

35.     Security Delivery is a shipping and transport company.

36.     Security Delivery provides shipping services and materials throughout the United States and regularly contracts with citizens of the Commonwealth of Pennsylvania.

37.     Security Delivery regularly and regularly contracts with citizens of the Commonwealth of Pennsylvania on a continuous and systematic basis.

38.     Defendant Margraf, S.P.A. (hereinafter "Margraf") is upon information and belief a citizen of and a  foreign corporation existing under and by virtue of the laws of Italy with a principal place of business at Via Privata Marmi 3, Chiampo (Vicenza) 36072, Italy.

39.     Margraf is a seller and supplier of stone and marble products and imports, exports and supplies stone and marble products.

40.     Margraf sells its stone and marble products to customers throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

41.     Margraf regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a continuous and systematic basis.

42.     Defendant Linea Marmo, S.P.A. (hereinafter "Linea") is upon information and belief a citizen of and a foreign corporation existing under and by virtue of the laws of Italy with a principal place of business at Via Privata Marmi 3, Chiampo (Vicenza) 36072, Italy.

43.     Linea is a seller and supplier of stone and marble products and imports, exports and supplies stone and marble products.

44.     Linea sells its stone and marble products to customers throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

45.     Linea regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a continuous and systematic basis.

45.     Defendant Margraf Tiles, SRL (hereinafter "Margraf Tiles") is upon information and belief a citizen of and a foreign corporation existing under and by virtue of the laws of Italy with a principal place of business at Via Privata Marmi 3, Chiampo (Vicenza) 36072, Italy.

46.     Margraf Tiles is a seller and supplier of stone and marble products and imports, exports and supplies stone and marble products.

47.     Margraf Tiles sells its stone and marble products to customers throughout the United States and internationally and regularly contracts with citizens of the Commonwealth of Pennsylvania.

48.     Margraf Tiles regularly engages in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia on a continuous and systematic basis.

## JURISDICTION AND VENUE

49.     Jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332, and the amount in controversy exceeds $150,000.00.

## COUNT I – NEGLIGENCE

### <u>Carlos Merced v. All Defendants</u>

50.     At all times material hereto, defendants, Gemstar Group, Gemstar Canada, Z Mediterranean, Z Integrated, Z American-Israeli, Z Shipping, ZIM Israel, SDS, Security Delivery, Margraf, Linea, and Margraf Tiles, acted and/or failed to act individually and by and through their respectively duly-authorized agents, servants, workmen, contractors, owners, officers and/or employees.

51.     At all times material hereto, the negligence, carelessness and/or recklessness of each defendant resulted in severe and permanent personal injuries to Plaintiff, Carlos Merced.

52.     At all times material hereto, all defendants sold, supplied, packaged, shipped and delivered marble slabs and stone products to 4310 Josephine Street, Philadelphia, PA 19124, and had a duty to ensure that the marble slabs, materials and shipment were safely secured, packed, labeled and transported.

53.     At all times material hereto, all defendants sold, supplied, packaged, shipped and delivered marble slabs and stone products to 4310 Josephine Street, Philadelphia, PA 19124, and had a duty to ensure that the marble slabs, materials and shipment were free from hazards and safe for individuals such as Plaintiff, Carlos Merced.

54.     At all times material hereto, defendants allowed the marble slabs and cargo shipment to exist and remain in a manner that presented an outrageous hazard to individuals, including Plaintiff, Carlos Merced.

55.    At all times material hereto, defendants were responsible for the safety of foreseeable users of the marble slabs at its intended destination, including but not limited to, Plaintiff, Carlos Merced.

56.    Upon information and belief, defendants sold, supplied, packaged, shipped and delivered products, including the cargo container and marble slabs that fell on Plaintiff, to Belfi Brothers & Co., Inc., located at 4310 Josephine Street, Philadelphia, PA 19124.

57.    Upon information and belief, defendants transported the marble slabs inside of an ISO open-top shipping container to 4310 Josephine Street, Philadelphia, PA 19124, which container was transported by the defendants via ship and by truck to the Philadelphia location.

58.    At the time and place aforesaid, defendants created and/or permitted the marble slabs, products and cargo container to be packaged, stored, shipped and designed in such a way that was so dangerous that it was virtually certain that Mr. Merced would be injured.

59.    At all times relevant hereto, defendants knew or in the exercise of reasonable care should have known that allowing the marble slabs, slab, rack, products and shipping container to be packaged, stored, shipped and designed in such an unsafe and dangerous condition constituted a foreseeable hazard to individuals, including Plaintiff, Carlos Merced.

60.    At all times relevant hereto, defendants had actual and/or constructive notice of the hazardous condition that caused Plaintiff Carlos Merced's injuries,

specifically the unsafe marble slabs, slab rack, products and shipping container, which caused the damages more specifically set forth hereinafter.

61.    The negligence, carelessness and/or recklessness of defendants, jointly and severally, by and through their respective agents, servants, workmen, contractors, owners, officers and/or employees, consisted of, *inter alia*, the following:

a.    Failing to sell, provide, furnish and ship the marble slabs in such a way as to prevent them from shifting, sliding, and/or collapsing while being shipped and/or unloaded;

b.    Failing to design, build and utilize supports and a slab rack for the marble slabs that were designed and built so that if one or more slabs shift or are moved, the other slabs would not shift, slide or collapse;

c.    Failing to provide sufficient space between each marble slab so that the marble slabs could be removed individually from the shipping container;

d.    Failing to provide sufficient space between each marble slab so that the marble slabs could be removed independently from the shipping container without affecting the remaining marble slabs;

e.    Failing to ensure that the marble slab rack and supports used to transport the slabs were designed by registered professional engineers;

f.      Failing to transport the marble slabs using a slab rack and support that used locking support pins and individual compartments for each slab;

g.      Packing marble slabs together in bundles such that the slabs could not be removed from the shipping container and slab rack without causing the remaining slabs to shift, slide, collapse and/or fall;

h.      Failing to allow sufficient space between each marble slab so that a slab lifter could be used to raise and remove slabs individually;

i.      Failing to allow sufficient space between each marble slab so that a slab lifter could be used to raise and remove slabs individually without causing the other slabs to shift, slide, collapse and/or fall;

j.      Utilizing materials, specifically wood, in the construction of a slab rack and support that were unable to withstand the force and weight of the marble slabs;

k.      Failing to design, build and use a storage rack system for the marble slabs that secured the slabs from shifting, sliding and collapsing;

l.      Failing to provide a secondary bracing or a restraint system to secure the marble slabs from shifting, sliding and collapsing;

m;.     Failing to provide restraining devices and tie-downs to prevent the marbles slabs from shifting, sliding or falling while the slabs were being unloaded;

n.      Failing to design and build a slab rack and support that was safe for its intended use;

o.      Failing to hire competent agents, servants, workmen, contractors, owners, officers and/or employees;

p.      Failing to train their respective agents, servants, workmen, contractors, owners, officers and/or employees on how to design, use and implement a storage rack system that would marble slabs from shifting, sliding and collapsing;

q.      Failing to train their respective agents, servants, workmen, contractors, owners, officers and/or employees on how to design, use and implement a storage rack system that would marble slabs from shifting, sliding and collapsing while the slabs were being unloaded;

r.      Failing to inspect the marble slabs, storage rack, shipping container and warnings prior to shipping the materials to the site of the accident;

s. Failing to inspect the marble slabs, storage rack, shipping container and warnings to ensure that the marble slabs would not shift, slide and/or collapse while the slabs were being transported or unloaded;

t. Failing to warn individuals, including Plaintiff, Carlos Merced, of the dangerous and defective condition of the marble slabs, slab rack, and shipping container;

u. Failing to utilize caution signs or other warning signs inside and outside of the shipping container and on and around the marble slabs, slab rack and supports;

v. Failing to provide written instructions for the safe removal of the marble slabs from the slab rack and shipping container;

w. Packing marble slabs together in bundles such that the slabs could not be removed from the shipping container and slab rack without causing the remaining slabs to shift, slide, collapse and/or fall in an attempt to save time and money;

x. Packing marble slabs together in bundles such that the slabs could not be removed from the shipping container and slab rack without causing the slabs to shift, slide, collapse and/or fall when defendants knew that packing and shipping the marble slabs in such a way would make it a virtual certainty that slabs would shift or fall while being unloaded;

y.      Failing to adopt, enact, employ and enforce procedures to ensure the design, construction and use of a slab rack and supports that would prevent the marble slabs from shifting, sliding, collapsing and/or falling;

z.      Failing to exercise reasonable care in searching for dangerous conditions of the marble slabs, slab rack, supports and shipping container when defendants knew or in the exercise of reasonable care should have that the way the marble slabs were packaged, secured and transported was unsafe;

aa.     Violating federal and state statutes, local ordinances, and all other rules, enactments or regulations applicable or in effect, whether administrative, industry-wide or otherwise, pertaining to the safe packing, shipment and delivery of stone and marble slabs and materials and cargo containers;

bb.     Violating their duties pursuant to the Restatement (Second) of Torts;

cc.     Failing to adopt, enact, employ and enforce proper safety programs, procedures, measures and plans;

dd.     Failing to recognize a known, dangerous condition;

ee.     Failing to act reasonably under the circumstances;

ff.     Acting outrageously and with willful and wanton disregard for the rights, welfare and safety of plaintiff by failing to design and utilize storage racks and supports for the marble slabs

-16-

that were designed so that if one or more slabs shift or are moved, the other slabs would not be shift, slide or collapse;

      gg.    Acting outrageously and with willful and wanton disregard for the rights, welfare and safety of plaintiff by failing to design and utilize storage racks and supports for the marble slabs designed so that if one or more slabs shift or are moved, the other slabs would not be shift, slide or collapse when defendants knew that failing to do so would make it a virtual certainty that the marble slabs would shift, slide, collapse or fall;

      hh.    Acting outrageously and with willful and wanton disregard for the rights, welfare and safety of plaintiff by failing to design and utilize storage racks and supports for the marble slabs designed so that if one or more slabs shift or are moved, the other slabs would not be shift, slide or collapse when defendants knew that failing to do so would make it a virtual certainty that Plaintiff would be injured;

      ii.    Knowing and intentionally packing the marble slabs together in bundles such that the slabs could not be removed from the shipping container and slab rack without causing the slabs to shift, slide, collapse and/or fall;

      jj.    Knowing and intentionally failing to provide sufficient space between each marble slab so that a slab lifter could be used to raise and remove slabs individually without causing the

other slabs to shift, slide, collapse and/or fall;

kk.     Knowing and intentionally failing to provide sufficient space between each marble slab so that a slab lifter could be used to raise and remove slabs individually without causing the other slabs to shift, slide, collapse and/or fall when defendants knew that failing to do so would make it a virtual certainty that the marble slabs would shift, slide, collapse or fall while being unloaded;

ll.     Increasing defendants' profits at the cost of plaintiff's health and safety and ability to work;

mm.     Knowing and intentionally packing and securing the marble slabs in groups in an effort to save time and money;

nn.     Failing to act reasonably under all of the circumstances;

oo.     Failing to hire and train competent agents, servants, workmen, contractors, owners, officers and/or employees; and

pp.     Failing to agents, servants, workmen, contractors, owners, officers and/or employees when defendants knew or in the exercise of reasonable care should have known that failing to do so would make it a virtual certainty that the marble slabs would shift, slide, collapse or fall.

62.     By reason of the defendants' negligence, carelessness, gross negligence and outrageous, intentional and willful and wanton disregard for the rights and safety of

Plaintiff, Carlos Merced, jointly and severally, as aforesaid, Plaintiff suffered severe personal injuries including but not limited to a grade I open tibial fracture requiring internal fixation surgery, leg pain, muscle atrophy, and loss of use and sensation of his lower extremity, some or all of which may be permanent in nature.

63.     Following the accident Plaintiff treated with orthopedic surgeon Jennifer Taniguchi, M.D. and the Muscle, Bone & Joint Center in Philadelphia; for a significant period of time following the incident Plaintiff was non-weight bearing and was required to wear a Cam walker boot and undergo rehabilitation treatment from NovaCare.

64.     By reason of the defendants' negligence, carelessness, gross negligence and outrageous, intentional and willful and wanton disregard of the rights and safety of Plaintiff, Carlos Merced, jointly and severally, as aforesaid, Plaintiff suffered a loss of life's pleasures and an inability to engage in his usual and customary activities; pain, suffering, emotional distress and humiliation, embarrassment, the inability to engage in some or all physical pursuits; and an inability to perform his work duties in full or in part, some or all of which may be permanent in nature.

65.     By reason of the defendants' negligence, carelessness, gross negligence and outrageous, intentional and willful and wanton disregard of the rights and safety of Plaintiff, Carlos Merced, jointly and severally, as aforesaid, Plaintiff has in the past and will in the future been caused to undergo surgery, therapy, extensive treatment and rehabilitation, diagnostic testing, and other medical testing and evaluation, all to his great detriment and loss.

66.     By reason of the defendants' negligence, carelessness, gross negligence and outrageous, intentional and willful and wanton disregard of the rights and safety of Plaintiff, Carlos Merced, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future experience a loss of earnings and earning capacity.

67.     As a further direct and proximate result of the negligence, carelessness, gross negligence and outrageous, intentional and willful and wanton disregard of the rights and safety of Plaintiff, Carlos Merced, exhibited by the defendants, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future have to pay various amounts for medical care, all to his great detriment and loss.

## RELIEF

### Carlos Merced v. All Defendants

WHEREFORE Plaintiff, Carlos Merced, requests that this Court enter judgment in his favor against all defendants, jointly and severally:

a.     awarding compensatory damages to Plaintiff to make Plaintiff whole for past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of the conduct of all defendants;

b.     awarding compensatory damages to Plaintiff for past and future physical pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures;

c.     awarding compensatory damages to Plaintiff for past and future medical bills, costs and expenses;

   d. awarding Plaintiff costs of this action, together with reasonable attorney's fees;

   e. awarding punitive damages to Plaintiff;

   f. awarding other such damages and relief as this Honorable Court deems appropriate.

        **LAW OFFICES OF JOHN T. DOOLEY, LLC**


     BY:  _____

        John T. Dooley, Esquire
        John A. Mattiacci, Jr., Esquire
        5434 King Avenue @ Route 38 East
        Suite 202
        Pennsauken, NJ 08109
        (856) 488-9010
        (856) 488-9019 (Fax)
Date: August 6, 2010    Attorney for Plaintiff, Carlos Merced

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Carlos Merced | : | CIVIL ACTION |
| v. | : | |
| Gemstar Group, Inc, et al. | : | NO.  10-3054 (PBT) |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)                    ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )


| | | |
|---|---|---|
| August 6, 2010 | /s/ John T. Dooley | Plaintiff, Carlos Merced |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 856-488-9010 | 856-488-9019 | jtd@dooleylaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02