IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | :  |  |
|---|---|---|
| **CARLOS MERCED** | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 10-3054 |
| | : | |
| **GEMSTAR GROUP, INC. ET AL.,** | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**Tucker, C.J.**                                                                                                              **March 13, 2015**

       Presently before the Court is Defendant Gemstar Canada, Inc.'s ("Gemstar") Motion for Partial Summary Judgment As to Punitive Damages (Doc. 94), Plaintiff Carlos Merced's Response in Opposition to Defendant Gemstar's Motion for Partial Summary Judgment As to Punitive Damages (Doc. 97), Defendant Gemstar's Reply in Support of Motion for Partial Summary Judgment (Doc. 100), Defendants Margraf, S.P.A., Linea Marmo, S.P.A., and Margraf Tiles S.R.L.'s (collectively "Margraf") Motion for Partial Summary Judgment (Doc. 95), and Plaintiff Carlos Merced's Response in Opposition to the Motion for Partial Summary Judgment Filed By Defendant Margraf (Doc. 96). Plaintiff Carlos Merced brings this negligence action against Defendants and seeks an award of compensatory and punitive damages. Defendants assert that the evidence presented fails to support Mr. Merced's claim for punitive damages. Upon careful consideration of the parties' briefs, exhibits, and all other papers herein, and for the reasons set forth below, this Court will *grant* Defendant Gemstar's Motion for Partial Summary Judgment As to Punitive Damages and *grant* Defendant Margraf's Motion for Partial Summary Judgment.

**FACTUAL BACKGROUND**

This case arises from personal injuries suffered by Plaintiff Merced while working as a shop foreman for Belfi Brothers & Co., Inc. ("Belfi Brothers") in Philadelphia, Pennsylvania on December 31, 2008. Belfi Brothers installs ceramic and stone products in commercial construction projects.

Belfi Brothers ordered marble slabs from Defendant Gemstar, a company incorporated under the laws of Ontario, Canada with its principal place of business in Ontario, Canada. Compl. ¶ 2. Gemstar is a broker of stone and marble materials and it imports, exports, and supplies stone and marble products. Id. ¶ 3. Gemstar routed Belfi's order to Margraf, an Italian corporation that sells and supplies stone and marble products. Id. ¶¶ 38-39. Margraf quarried the marble slabs at issue and packed them into an open-top overseas container braced with wooden frames. Def. Gemstar's Statement of Undisputed Facts ¶¶ 4, 5. Gemstar did not load or brace the marble slabs. Id. ¶ 6. The marble slabs were shipped from Italy to Belfi Brothers in Philadelphia where Mr. Merced was seriously injured while unloading them. The marble slabs, which weighed thousands of pounds, collapsed and crushed Mr. Merced's legs, causing severe and permanent injuries. Compl. Intro.

Before the marble slabs were shipped to Philadelphia, Margraf provided Gemstar with a photograph of the packed marble slabs that were loaded into the shipping container. See Def. Gemstar's Mot. for Partial Summary J., Ex. D; Tezza Dep. 38:22-39:4, Mar. 19, 2013; Pl.'s Resp. in Opp'n to Gemstar's Partial Mot. for Summ. J., Ex. 6. The parties dispute whether that photograph was shared with Belfi Brothers.

Before the marble slabs arrived at Belfi Brothers, Margarf's agent, Michela Dalla Pozza ("Pozza"), sent an electronic message to a Gemstar employee, Carolyn Watson, stating in part:

> As already explained on the phone, we will load and fix the material in best and secure way possible but any way, **we cannot guarantee you that material will arrive at destination in perfect safe conditions.** We never loaded a container in this way and so we underline that **we will not be responsible for any damage that may be occurred to material.**

Pl.'s Resp. in Opp'n to Gemstar's Partial Mot. for Summ. J., Ex. 5. Gemstar did not communicate this message to Belfi Brothers.

Mr. Merced brings the instant negligence action against all Defendants and requests that this Court award him compensatory and punitive damages. Defendants Gemstar and Margraf move for partial summary judgment as to Mr. Merced's claim for punitive damages.

## STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A "genuine" issue exists where there is a "sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party." Byrne v. Chester Cnty. Hosp., No. 09-889, 2012 WL 410886, at *2 (E.D. Pa. Sept. 19, 2012) (citing Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006)). "A factual dispute is 'material' if it might affect the outcome of the case under governing law." Id. All factual doubts should be resolved and all reasonable inferences drawn in favor of the nonmoving party. Torretti v. Main Line Hosp., Inc., 580 F.3d 168, 172 (3d Cir. 2009) (citing DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 216 (3d Cir. 2007)). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). The movant is responsible for "informing the

court of the basis for its motion for summary judgment and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact." Byrne, 2012 WL 410886, at *2 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

## DISCUSSION

Mr. Merced brings this negligence action against Defendants and requests that this Court award him punitive damages. To demonstrate negligence, a plaintiff is required to show: 1) the defendant had a duty to conform to a certain standard of conduct; 2) the defendant breached that duty; 3) such breach caused the injury in question; and 4) the plaintiff incurred actual loss or damage. Pyeritz v. Commonwealth, 32 A.3d 687, 692 (Pa. 2011).

An award of punitive damages is "an 'extreme remedy' available in only the most exceptional matters." Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005) (quoting Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 n. 14 (Pa. 1985)). In Feld v. Merriam, 484 A.2d 742, 747 (Pa. 1984), the Supreme Court of Pennsylvania adopted Section 908(2) of the Restatement (Second) of Torts, which states, "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or **his reckless indifference to the rights of others**." (emphasis added). Comment b to Section 908 states, "Reckless indifference to the rights of others and conscious action in deliberate disregard of them (see § 500) may provide the necessary state of mind to justify punitive damages." Therefore, to prevail on a punitive damages claim, a plaintiff is required to present "evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchinson v. Luddy, 870 A.2d 766, 772 (Pa. 2005). A showing of negligence or gross negligence is insufficient to justify punitive damages. Phillips, 883 A.2d at 445.

**A. Claim for Punitive Damages Against Defendant Gemstar**

In this case, Mr. Merced does not allege that Gemstar acted with evil motive. Instead, Mr. Merced argues that Gemstar acted with reckless indifference, and as such, should be held liable for punitive damages. See Pl.'s Mem. of Law in Resp. in Opp'n to Gemstar's Mot. for Partial Summ. J. However, Mr. Merced is unable to meet the first requirement for an award of punitive damages—demonstrating that Gemstar possessed a subjective appreciation of the risk of harm to which Mr. Merced was exposed.

To support his claim for punitive damages against Gemstar, Mr. Merced asserts, "Defendants knew of the danger of improperly packed marble slabs, but were simply more concerned with the safety of the slabs themselves than they were with the threat to human life." Id. at 3. Mr. Merced relies on a December 3, 2010 electronic message from a Margraf agent, Michela Dalla Pozza ("Pozza"), to a Gemstar employee, Carolyn Watson, which stated, in part:

> As already explained on the phone, we will load and fix the material in best and secure way possible but any way, **we cannot guarantee you that material will arrive at destination in perfect safe conditions.** We never loaded a container in this way and so we underline that **we will not be responsible for any damage that may be occurred to material.**

Id. at Ex. 5. Mr. Merced contends that Gemstar failed to communicate this warning to Belfi Brothers and therefore, acted with reckless indifference to the rights of others.

This Court is unconvinced that the electronic message from Pozza establishes that Gemstar acted with reckless indifference. Firstly, the electronic message is primarily about the marble slabs, the way in which they were loaded and shipped, and the condition in which they may arrive in Philadelphia. Pozza's statement, "**[W]e cannot guarantee you that material will arrive at destination in perfect safe conditions**," only concerns the condition of the slabs upon arrival. Pozza does not indicate any concern about the risk of injury to anyone unloading the

5

slabs. The "damage" that Pozza referenced related only to the slabs and not to people handling the slabs. Accordingly, Pozza's electronic message establishes, at most, that Gemstar knew of the possibility that the marble slabs may have arrived damaged to Belfi Brothers; the message does not suggest that Gemstar knew of or appreciated "the risk of harm to which the [Mr. Merced] was exposed." See Hutchinson, 870 A.2d at 772.

Next, Mr. Merced alleges that Gemstar acted with reckless indifference by failing to share with Belfi Brothers a photograph depicting the way in which the marble slabs were packed in the container. See Pl.'s Mem. of Law in Resp. in Opp'n to Gemstar's Partial Mot. for Summ. J. at 4, 5. Gemstar claims that it did in fact share via electronic mail this photograph before the containers arrived in Philadelphia with Mark Klemmer, the Project Manager at Belfi Brothers. See Def.'s Statement of Undisputed Material Facts at ¶ 15; see also Klemmer Dep. 32:2-34:9, 68:2-8, July 1, 2013. However, Mr. Merced disputes this.

Assuming the veracity of Mr. Merced's allegations here, he still falls short of establishing that Gemstar acted with reckless indifference. Firstly, Mr. Merced is unable to show that, upon viewing the photograph, Gemstar perceived the risk that the marble slabs posed. Moreover, Mr. Merced's expert witness, Dr. Fred Hueston, testified that this photo alone would not necessarily have provided Belfi Brothers with sufficient information to determine how to safely remove the marble slabs:

> Q: If we accept Mr. Klemmer's testimony that the photograph that we marked here as Hueston 5 was received by Belfi Brothers before the container shipped, do you agree that Belfi Brothers had the necessary information to determine how to safely remove the marble slabs from this container?
>
> MR MATTIACCI: Objection.
>
> THE WITNESS: Not necessarily, for several reasons. First of all, we're looking at only one angle of the photograph. The photograph is not clear as to whether these particular slabs are tied or anchored to the actual container themselves. I would

6

>have – I would have liked to have seen a photo of that as well. The angle, of course, is difficult to tell from the photograph because the camera would be taking it from an acute angle. I would want more than one photograph in a nutshell.

Hueston Dep., 51:23-52:14, Oct. 24, 2013. Therefore, the photograph alone would have been insufficient to provide Belfi Brothers with adequate information about the potential risk that the marble slabs posed. At most, Gemstar was negligent or grossly negligent when allegedly failing to pass along the photo to Belfi Brothers; however, this does not amount to reckless indifference and does not qualify as the type of "outrageous conduct" required to award punitive damages. See, e.g., Phillips, 883 A.2d at 445 ("Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either 'the defendant's evil motive or his reckless indifference to the right of others.'" (quoting Martin v. Johns-Manville Corp., 494 A.2d 1088, 1096 (Pa. 1985)).

Finally, Mr. Merced attempts to support his punitive damages claim against Gemstar when asserting that Gemstar never determined whether Belfi Brothers owned appropriate equipment to safely unload the marble slabs. Mr. Merced relies on Dr. Hueston's testimony, which states that a broker is responsible for determining the type of equipment a client possesses in order to safely remove the product after shipment. See Hueston Dep., 115:21-117:23. Again, Dr. Hueston speaks to the industry standards here and not to the factors required for showing reckless indifference—that Gemstar knew of and appreciated the risk of harm to Mr. Merced and others in his position.

Because Mr. Merced has failed to present evidence to support his allegation that Gemstar acted with reckless indifference to the rights of others, his claim for punitive damages against Gemstar must fail. The Court grants Gemstar's Motion for Partial Summary Judgment As To Punitive Damages.

**B. Claim for Punitive Damages Against Defendant Margraf**

Mr. Merced also seeks an award of punitive damages in this negligence action against Margraf. To support his claim for punitive damages, Mr. Merced argues that Margraf acted with reckless indifference to the interests of others and puts forth evidence similar to that in his action against Gemstar. See Pl.'s Mem. of Law in Resp. in Opp'n to Margraf's Mot. for Partial Summ. J. For the same reasons that Mr. Merced's arguments fail as to Gemstar, they also fail as to Margraf. Mr. Merced cannot satisfy the first prong in establishing that punitive damages are warranted in this case—that Margraf appreciated the risk of harm to which he and others like him was exposed.

Firstly, Mr. Merced refers the Court to the electronic message discussed above between Pozza and Watson as evidence that Margraf appreciated the risk of harm presented by the marble slabs. Unlike Gemstar, Margraf came into physical contact with the slabs and was responsible for packaging and loading them before they were shipped to Belfi Brothers. Accordingly, Margraf had first-hand knowledge about how the marble slabs were loaded in the container and the risk that they may have posed. However, as is the case with Gemstar, the electronic message between Pozza and Watson is insufficient to show that Margraf acted with reckless indifference to the rights of others. Again, the electronic message simply indicates that Margraf was uncertain about the condition of the marble slabs upon arrival in Philadelphia.

Secondly, Mr. Merced attempts to support his claim for punitive damages against Margraf by arguing that Margraf failed to provide Belfi Brothers with a copy of guideline instructions about how to unload the shipment. This, however, does not demonstrate that Margraf knew or appreciated the risk of harm that the marble slabs posed to others. At most, Margraf's alleged failure here supports a claim for negligence.

Mr. Merced's remaining allegations against Margraf are the same as those that the Court discussed with respect to Gemstar: 1) Mr. Merced claims that Margraf failed to share with Belfi Brothers a photograph depicting how the slabs were packed, and 2) Margraf neglected to ascertain that Belfi Brothers owned appropriate equipment to safely unload the shipment. The Court concludes that these allegations fail to support a claim for punitive damages as to Margraf for the same reasons that the Court articulated as to Gemstar above. Neither of these facts establishes the "outrageous conduct" required for an award of punitive damages. Accordingly, the Court grants Margraf's Motion for Partial Summary Judgment.

## CONCLUSION

Mr. Merced has failed to establish a claim for punitive damages as to Defendants Gemstar and Margraf. He is unable to show that either Defendant acted with reckless indifference to the rights of others when packaging, loading, and shipping the marble slabs that collapsed and injured him. As the Court has previously stated, negligence or gross negligence will not suffice to justify an award of punitive damages. For the foregoing reason, this Court *grants* Defendant Gemstar's Motion for Partial Summary Judgment As to Punitive Damages and *grants* Defendant Margraf's Motion for Partial Summary Judgment.